C. STEVE OKENWA, P.C.
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
TEL. 646 845 7493

Attn. Hon. Judge William F. Kuntz  
U.S. District Court  
Eastern District of New York  
225 Cadman Plaza  
Brooklyn, NY 11201

August 24th, 2017

Re: Civil Action # 17cv4410; Courchevel 1850, LLC v. Ivurube Properties

We are the attorneys for the defendants, Ivurube Properties, Inc., in the above-referenced matter. In accordance with the Court's Individual Rules, please let this serve as the defendant's request for a pre-motion conference in connection with defendant's proposed Rules 12 motion.

## Underlying facts:

This is an action to foreclose a purported first mortgage on the premises commonly known as 355A Monroe Street, Brooklyn, NY 11221. According to the complaint, the mortgage secured a note dated 8/9/07.

Inexplicably plaintiff did not join the purported mortgagor, Cavanes Pierre, in the action. According to the complaint and the record of the Kings County Register, the purported mortgage was not recorded until 3/27/17, almost 10 years after the mortgage was made.

On 8/9/07, Cavanes Pierre purchased the subject premises from one Reid Clifton for the sum of $556,000.00. The purchase was financed by loan from Mortgageit, Inc., in the sum of

$500,000.00. The loan was secured by a first mortgage in the same amount.

In an assignment of mortgage dated 3/9/12, Mortgageit, Inc., through Wells Fargo Mortgage, assigned the mortgage to GMAC Mortgage. In June 2012, GMAC Mortgage commenced an action to foreclose on the mortgage. See Kings County Supreme Court Index # 6012/2012. That action is still pending.

On 11/25/14, GMAC Mortgage assigned the mortgage to HSBC Bank. At the moment, HSBC Bank has been substituted as plaintiffs in the State action.

**Choice of Law:** A Federal Court sitting in diversity applies the substantive law of the state in which the case arose. Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33. Being that the real property in issue is located in New York State and the purported mortgage was made in New York, it must be presumed that New State law should apply.

**Motion pursuant to Rule 12:** Under Rule 12, a pre-answer motion to dismiss is available where documentary evidence establish a complete defense to the action. Defendant purchased the subject premises from Cavanes Pierre on 12/18/12. A Quit claim deed evidencing the transfer of title was recorded with ACRIS on 3/4/13. This fact is not in controversy. At the time of the transfer, only the mortgage in the sum of $500,000.00 currently held by HSBC Bank was recorded as lien on the property. The mortgage allegedly held by plaintiff was not recorded until 3/27/17. New York State RPP 291 requires any such mortgage to be recorded with the County register. The statute further provides that any such mortgage not recorded does not affect the title or interest of a subsequent transferee of title to the property. Since plaintiffs failed to timely record the purported mortgage, defendant does not have constructive notice. As a result, the

within action fails.

**Dismissal pursuant to Rule 19:** The subject premises was purchased by non party, Cavanes Pierre, in the sum of $556,000.00. To the extent that Cavanes Pierre is the mortgagor and that plaintiffs may seek a deficient judgment on the purported mortgage, Mr Cavanes remains an indispensable party to the within action. This action cannot proceed in the absence of Mr Cavanes, as such, the action ought to be dismissed.

Additionally, since another entity, HSBC Bank, claims to hold a competing first mortgage on the property, and its action to foreclose is already pending in the State court, plaintiff should have joined HSBC Bank as defendant in the action. HSBC Bank is an indispensable party to the within action. See RPAPL 1311(3).

## CONCLUSION

Documentary evidence consisting of the record of Kings County register, including plaintiff's own admissions, conclusively establish that defendant had no constructive notice of the existence of the alleged mortgage. Under New York State RPAPL 291, any such unrecorded mortgage does not affect title or interest of a subsequent purchaser without notice. Defendant took title in 2012 while the alleged mortgage was recorded in 2017. Additionally, the failure of plaintiff to join indispensable parties is fatal, requiring dismissal of the action.

Steve Okenwa, Esq.